**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ALPHONSO JAMES SR.,**

    **Plaintiff,**

**vs.**                                        **Case No. 4:07cv13-MP/WCS**

**BROOKES S. KENNERLY,**

    **Defendant.**

                              **/**

## REPORT AND RECOMMENDATION

Plaintiff, a federal prisoner proceeding *pro se*, has filed a civil rights complaint under 42 U.S.C. § 1983.  Doc. 1.  Plaintiff did not pay the filing fee, but filed a motion requesting that the filing fees be waived, doc. 2, and a supporting affidavit, doc. 3. Within the motion, doc. 2, Plaintiff acknowledges that as recent as December 21, 2006, Plaintiff had a complaint dismissed in this court because he has accumulated at least three "strikes" under 28 U.S.C. § 1915(e).  Plaintiff is, therefore, not entitled to proceed *in forma pauperis* in the federal courts pursuant to 28 U.S.C. § 1915(g).[1]

---

[1] This statute provides: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

Plaintiff previously initiated a civil rights case against a federal judge in case 5:98cv01-RH.  That case was dismissed on January 26, 1998, as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).  Plaintiff appealed that dismissal, and the appeal was deemed frivolous by the Eleventh Circuit on November 25, 1998.  That counts as two strikes.  Plaintiff initiated another civil rights action in this court and on February 19, 1998, the prior order which erroneously granted *in forma pauperis* status was vacated pursuant to 28 U.S.C. § 1915(g) and the case was dismissed.  Once again, Plaintiff appealed the dismissal and the Eleventh Circuit found the appeal frivolous.  Those bring Plaintiff's total to four strikes.  Plaintiff attempted to litigate another case in this court, case 4:98cv05-WS, which was also dismissed because Plaintiff has three strikes under 28 U.S.C. § 1915(g).  As recently as December 21, 2006, Plaintiff had another case dismissed under 28 U.S.C. § 1915(g).  Case # 4:06cv284-SPM/AK.

Plaintiff is well aware that he has more than three "strikes" pursuant to 28 U.S.C. § 1915(g) which precludes him from proceeding *in forma pauperis* in this civil rights action.  Plaintiff is barred from obtaining *in forma pauperis* status and will not be relieved of the filing fee or have it "waived."

The instant case raises a First Amendment claim and a state tort claim against Defendant Kennerly, the "Executive Director State of Florida Judicial Qualification Commission."  Doc. 1, p. 2.  Plaintiff complains that Defendant denied him the "right to file two Complaint[s] and Petition For Investigation, and/or there was no [sic] letters received before The State of Florida Judicial Qualifications Commission."  *Id.*, at 3.  Not only are these claims frivolous, but the allegations do not bring Plaintiff within the "imminent danger" exception for proceeding with *in forma pauperis* status.  28 U.S.C. §

1915(g).  Therefore, the motion to have the filing fee waived must be denied, and this case must be dismissed.  Should Plaintiff desire to file any further civil cases in the federal courts, Plaintiff must simultaneously submit the full amount of the filing fee.  See Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002).

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion requesting waiver of the filing fee, doc. 2, be **DENIED**, and Plaintiff's complaint, doc. 1, be **DISMISSED** because Plaintiff is barred by 28 U.S.C. § 1915(g) from initiating a civil rights case in federal court without full payment of the filing fee at the time he submits the complaint.

**IN CHAMBERS** at Tallahassee, Florida, on January 25, 2007.


  s/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**